# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARY ANN CARSON and MICHAEL R. CARSON, <br><br> Plaintiffs, <br><br> v. <br><br> JOAQUIN PRANGE, EAN HOLDINGS LLC, STATE AUTO INS. CO. OF OHIO, and CARESOURCE, <br><br> Defendants. | Case No. _____ <br><br> Judge _____ <br><br> **NOTICE OF REMOVAL** |

Defendant Joaquin Prange ("Prange"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, hereby removes *Mary Ann Carson, et al. v. Joaquin D. Prange, et al.*, Case No. CVH2021022, from the Court of Common Pleas of Fayette County, Ohio, to the United States District Court for the Southern District of Ohio, Eastern Division. The grounds for this removal are set forth more fully below:

## BACKGROUND

1.  On July 30, 2021, Plaintiffs Mary Ann Carson and Michael R. Carson commenced this action by filing a Complaint in the Court of Common Pleas of Fayette County, Ohio, docketed as Case No. CVH2021022, naming Prange; EAN Holdings, LLC ("EAN Holdings"); State Auto Insurance Co. of Ohio ("State Auto"); and Caresource as defendants. (*See* Ex. A, Compl.)

2.  In their Complaint, Plaintiffs allege that, on June 4, 2021, Prange, while driving a vehicle rented from EAN Holdings, rear-ended Plaintiffs' vehicle, which was driven by Mary Ann Carson at the time. (*See* Ex. A, Compl. ¶ 1.) Plaintiffs allege that Mary Ann Carson suffered personal injuries as a result of the collision, that Mary Ann's husband, Michael Carson, suffered from loss

of consortium due to the accident, and that the Plaintiffs' have suffered property damage to their vehicle. (*Id.*)

3. Plaintiffs' First Claim for Relief seeks damages from Prange for personal injury to Mary Ann Carson and property damage to Plaintiffs' vehicles for allegedly causing the June 4, 2021 accident. (*See id.* ¶¶ 8–14.) In the Second Claim for Relief, Michael Carson seeks to hold Prange liable for loss of consortium damages, as well as the reasonable value of nursing care Michael provided to his wife. (*See id.* ¶¶ 15–16.) In the Third Claim for Relief, Plaintiffs' allege that EAN Holdings were negligent in renting Prange the vehicle that was involved in the June 4, 2021 accident. (*See id.* ¶¶ 17–19.) In their Fourth Claim for Relief, Plaintiffs assert that State Auto is potentially liable for uninsured/underinsured motorist coverage under the Plaintiffs' insurance policy issued by State Auto and that State Auto has failed to pay the full insurance benefits with respect to Plaintiffs' vehicle in breach of the policy. (*See id.* ¶¶ 20–23.) Plaintiffs' Fifth Claim for Relief asserts a bad faith claim against State Farm with respect to the insurance claim related to Plaintiffs' vehicle. (*See id.* ¶¶ 24–30.) Plaintiffs' Sixth Claim for Relief alleges that State Auto and Caresource paid or will pay medical expenses on behalf of Mary Ann Carson and therefore may have a right of reimbursement or subrogation arising from the accident. (*See id.* ¶¶ 31–33.)

4. On or about September 16, 2021, Milbank Insurance Company ("Milbank") answered the Complaint on behalf of State Auto, claiming that it was improperly identified in the Complaint as State Auto and denying liability. (*See* Ex. A, Milbank Answer.)

5. On or about October 19, 2021, EAN Holdings answered the Complaint.

6. Although Plaintiffs attempted to serve Prange through certified mail and United States mail pursuant to the Ohio Rules of Civil Procedure, Prange never received actual service of the

Complaint. Rather, Plaintiffs service by mail attempts were directed at Prange's prior address, and Prange did not receive copies of any process or pleadings through mail forwarding.

7. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** is a copy of all pleadings, filings, and other documents served (or purportedly served) on Prange or otherwise filed in state court. (As noted above, Prange never actually received any of these documents through formal service.) A true and correct copy of the state court docket sheet is attached as **Exhibit B**.

## SUBJECT-MATTER JURISDICTION

8. The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because, once the parties are properly aligned, there is complete diversity and the amount in controversy exceeds $75,000. Further, to the extent the amount in controversy with respect to the claims of Michael Carson (or any of the realigned plaintiffs) does not exceed $75,000, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over these claims.

9. When considering whether there is diversity jurisdiction, "it is the court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)). "Parties must 'be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment.'" *Id.* (quoting *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also, e.g.*, *McCarty v. Nat'l Union Fire Ins. Co.*, 699 F. App'x 464, 466 (6th Cir. 2017) ("In considering whether there is complete diversity, a federal court must look beyond the nominal designation of the parties in the pleadings and should realign the parties according to their real interests in the dispute." (quoting *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994))).

10. On information and belief, Plaintiffs Mary Ann Carson and Michael Carson are domiciled in the State of Ohio and are therefore Ohio citizens. (*See* Ex. A, Compl. ¶ 2.)

11. Defendant Joaquin Prange is domiciled in the State of Tennessee and is therefore a Tennessee citizen. (*See* Ex. A, Compl. ¶ 3.)

12. On information and belief, EAN Holdings is a Delaware limited liability company that is wholly owned by Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in Missouri. Accordingly, EAN Holdings is a citizen of Missouri for purposes of diversity jurisdiction. *See, e.g.*, *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009) (collecting cases for proposition that limited liability company has the citizenship of each of its members).

13. On information and belief, Defendant State Auto is an Ohio corporation with its principal place of business in Ohio, meaning State Auto is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1). On information and belief, Milbank, who claims to be the proper party with respect to Plaintiffs' claims against State Auto, is an Iowa corporation with its principal place of business in Ohio, meaning Milbank is a citizen of Iowa and Ohio. (As explained below, whether State Auto or Milbank is the proper party is irrelevant to the issue of subject-matter jurisdiction, and therefore these entities are grouped together as "State Auto/Milbank.")

14. On information and belief, Caresource is an Ohio corporation with its principal place of business in Ohio, meaning it is a citizen of Ohio.

15. Although labeled as "defendants" in the Complaint, State Auto/Milbank and Caresource should be realigned as plaintiffs for purposes of determining diversity, leaving Prange and EAN Holdings as the only proper defendants. The primary controversy in this action is whether Prange (and, by extension, EAN Holdings) was negligent or otherwise culpable in causing the June 4,

2021 accident that led to Plaintiffs' alleged injuries. With respect to this primary controversy, the interests of State Auto/Milbank and Caresource are aligned with Plaintiffs, as a finding that Prange and EAN Holdings are liable for the accident could create subrogation or other rights in favor of State Auto/Milbank and Caresource against EAN Holdings and Prange. *See, e.g.*, *Kenny v. LC Holdings, LLC*, No. 1:18-cv-472, 2018 U.S. Dist. LEXIS 212437, at *4 (S.D. Ohio Dec. 18, 2018) (realigning insurer as plaintiff where its interest with respect to primary controversy was a potential right of subrogation against alleged tortfeasors); *Roman v. Barlow*, No. 2:12-cv-00747, 2012 U.S. Dist. LEXIS 178650, at *7 (S.D. Ohio Dec. 18, 2012) (same); *Smith v. GMC*, No. 2:11-cv-782, 2011 U.S. Dist. LEXIS 137627, at *6 (S.D. Ohio Nov. 30, 2011) (same with respect to healthcare providers).

16. Any ancillary or secondary dispute about whether State Auto/Milbank owe Plaintiffs additional funds under their insurance policy is secondary and does not justify aligning State Auto/Milbank as a defendant. *See, e.g.*, *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) (noting that even though "there may be actual and substantial ancillary or secondary issues to the primary issue, the parties should be aligned in accordance with the primary issue in an action"). First, Plaintiffs' claims against State Auto/Milbank related to uninsured/underinsured motorist coverage is entirely contingent on a finding that Prange or EAN Holdings is liable for the June 4, 2021 accident, at which point State Auto/Milbank would be subrogated to Plaintiffs' rights with respect to any benefits paid; accordingly, even on this claim, State Auto/Milbank is properly considered a plaintiff. *See, e.g.*, *Bolin v. Jackson Nat'l Life Ins. Co. (In re Jackson Nat'l Life Ins. Co. Premium Litig.)*, Nos. 1122, 5:03-CV-25, 2004 U.S. Dist. LEXIS 8164, at *8 (W.D. Mich. Apr. 30, 2004) (finding that dispute that was "substantially derivative" of plaintiff's primary claim was ancillary); *U.S. Fid. & Guar. Co. v. Algernon-Blair,*

5

*Inc.*, 705 F. Supp. 1507, 1511 (M.D. Ala. 1988) (finding that surety on bond was properly aligned as plaintiff where dispute between co-plaintiffs over liability on bond was secondary to and contingent upon primary dispute against defendants). Second, Plaintiffs' claims against State Auto/Milbank for alleged failure to pay the full value of the Plaintiffs' vehicle is clearly secondary or ancillary. Those claims concern an alleged failure by State Auto/Milbank to tender the full value of the Plaintiffs' vehicle instead of the approximately 73% of the value State Auto/Milbank offered to pay; in other words, a dispute over approximately $18,360. (*See* Ex. A, Compl. ¶¶ 22, 26.) This amount pales in comparison to the potential subrogation rights State Farm/Milbank would have against Prange or Caresource with respect to the $68,000 property damage claim alone, not to mention in comparison to the total amount in controversy with respect to the primary dispute between Plaintiffs and the two true Defendants, Prange and EAN Holdings. Accordingly, whatever coverage disputes may exist between Plaintiffs and State Farm/Milbank are secondary and ancillary and do not justify aligning State Farm/Milbank as a defendant.

17.     To the extent Caresource does not actually have any potential subrogation rights or liens against Prange or EAN Holdings, Caresource should be disregarded for diversity purposes as a nominal or fraudulently joined party against whom the Plaintiffs either do not seek relief or do not have a colorable claim. *See, e.g.*, *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951–56 (6th Cir. 2011) (discussing fraudulent joinder standard); *Deltro Elec. Ltd. v. Elec. Power Sys. Int'l, Inc.*, No. 1:21-cv-303, 2021 U.S. Dist. LEXIS 208963, at *8 (S.D. Ohio Oct. 29, 2021) ("There is an exception to the consent, citizenship, and in-forum defendant requirements, however, for nominal parties that have no interest in the result of the litigation.").

18. Once the parties are properly aligned, complete diversity exists, as the case consists of citizens of Ohio (and possibly Iowa) as plaintiffs versus a citizen of Tennessee and a citizen of Missouri as defendants.

19. The amount in controversy exceeds the jurisdictional minimum of $75,000. The Complaint does not affirmatively state the amount in controversy. Other than seeking "at least $68,000" in damages for the loss of Plaintiffs' vehicle, the Complaint seeks unspecified amounts for medical expenses, lost wages, and non-economic damages (such as pain and suffering) allegedly incurred by Mary Ann Carson, as well as unspecified loss of consortium damages for Michael Carson. (*See* Ex. A, Compl. ¶¶ 10–16.) However, on December 17, 2021, Plaintiffs' counsel made a demand for $275,000 total from Prange's insurer and claimed that Mary Ann Carson suffered approximately $20,000 in medical damages. This demand establishes that, at the very least, the amount in controversy with respect to Mary Ann Carson's claims far exceed $75,000. *See, e.g.*, *Finnegan v. Wendy's Int'l, Inc.*, No. 2:08-cv-185, 2008 U.S. Dist. LEXIS 88868, at *10 (S.D. Ohio May 13, 2008) ("Courts have held that a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (collecting cases)). Further, because Plaintiffs seek to hold Prange and EAN Holdings jointly and severally liable, (*see* Ex. A, Compl. p. 12), Mary Ann Carson's claims against the only "defendants" remaining after realignment can be aggregated for purposes of satisfying the amount-in-controversy requirement. *See, e.g.*, *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011); *Reusser v. Saxon Mortg. Servs.*, No. 2:12-cv-00087, 2012 U.S. Dist. LEXIS 108663, at *8 (S.D. Ohio Aug. 3, 2012).

20. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the claims of Michael Carson and the realigned plaintiffs (Caresource and State Auto), regardless of whether

these claims independently satisfy the amount-in-controversy requirement. All of these claims arise out of a common nucleus of operative fact, i.e., the June 4, 2021 motor vehicle accident, meaning they form part of the same Article III case or controversy. *See, e.g.*, *Santiago v. Meyer Tool Inc.*, No. 1:19-cv-32, 2020 U.S. Dist. LEXIS 99880, at *5 (S.D. Ohio June 8, 2020) (discussing test for supplemental jurisdiction). Further, the amount-in-controversy requirement is satisfied as to the claims of at least one named plaintiff (Mary Ann Carson). Accordingly, there is supplemental jurisdiction over the claims of plaintiffs other than Mary Ann Carson. *See, e.g.*, *Engstrom v. Mayfield*, 159 F. App'x 697, 701 (6th Cir. 2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 2615 (2005))).

## REMOVAL IS TIMELY

21. This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b) and (c).

22. The grounds for removal did not appear on the face of initial Complaint, because, among other things, the parties were improperly aligned in the Complaint and the Complaint is silent as to the total amount in controversy and the citizenship of EAN Holdings. *See, e.g.*, *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016) ("'[I]f removability is not apparent from the allegations of an initial pleading or subsequent document' sent from the plaintiff, the thirty-day clocks of § 1446(b) do not begin." (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014))). Further, Prange never actually received the initial Complaint through service, as it was mailed to an incorrect address and not forwarded to Prange.

Accordingly, the 30-day limit in 28 U.S.C. § 1446(b)(2)(B) was never triggered and otherwise does not bar this Notice of Removal.

23. The 30-day time limit in 28 U.S.C. § 1446(b)(3) likewise does not bar this Notice of Removal. First, Prange still has yet to receive, "through service or otherwise, … a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiffs' $275,000 settlement demand was sent by Plaitniffs' counsel to Prange's insurer, not to Prange or his counsel. Further, Prange has yet to formally receive any pleading or other paper identifying the proper citizenship for EAN Holdings, and the parties have not been properly realigned by order of the state court. Rather, this Notice of Removal is based on Prange's independent investigation of the relevant jurisdictional facts and the Court's power and duty to realign the parties post-removal. Accordingly, the 30-day time limit in § 1446(b)(3) does not bar removal. *See, e.g.*, *Graiser*, 819 F.3d at 285–86 (holding that, where no pleading or other document has been served showing that case is removable, defendant is "free to conduct its own investigation and remove the case" even before § 1446(b)(3) time limit is triggered).

24. Alternatively, even if the December 17, 2021 settlement demand to Prange's insurer was sufficient to trigger the 30-day time limit in 28 U.S.C. § 1446(b)(3), Prange's removal is timely as this Notice of Removal has been filed within 30 days of the insurer's receipt of the demand.

25. Removal is timely under 28 U.S.C. § 1446(c)(1) as this case has been removed within one year of commencement in state court.

## ALL OTHER REQUIREMENTS ARE SATISFIED

26. All necessary consents to this removal under 28 U.S.C. § 1441(b)(2)(A) have been obtained. Defendant EAN Holdings, through its state court counsel, has consented to this removal. The consent of the remaining state court "defendants"—Caresource and State Auto/Milbank—is

not required, as these parties should be properly realigned as plaintiffs. *See, e.g.*, *Byrd v. Tenn. Wine & Spirits Retailers Ass'n*, No. 3:16-cv-02738, 2017 U.S. Dist. LEXIS 2168, at *23 (M.D. Tenn. Jan. 6, 2017) (noting that consent to removal of defendant be realigned as a plaintiff is not required); *Roman*, 2012 U.S. Dist. LEXIS 178650, at *10 (same). Further, the consent of Caresource is not required to the extent it is a nominal defendant or has been fraudulently joined.

27. Venue in this Court is proper under 28 U.S.C. §§ 115(b)(2) and 1441(a), because the Court of Common Pleas of Fayette County, Ohio is located within this federal judicial district and division.

28. In accordance with 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal, Prange will provide written notice of the removal of this action to all other parties and will promptly file a copy of this Notice of Removal with the clerk of the Court of Common Pleas of Fayette County, Ohio.

As set forth above, all prerequisites for removal of this action to federal court have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446. Accordingly, Prange respectfully requests that this Court exercise subject-matter jurisdiction over this action.

Dated: January 13, 2022                      Respectfully submitted,

                                                   */s/ J. David Brittingham*
                                                   J. David Brittingham (0061577) (Trial Attorney)
                                                   DINSMORE & SHOHL, LLP
                                                   255 East Fifth Street, Suite 1900
                                                   Cincinnati, Ohio 45202
                                                   Phone: (513) 977-8200
                                                   Fax: (513) 977-8141
                                                   david.brittingham@dinsmore.com

                                                Joseph K. Merical (0098263)
DINSMORE & SHOHL, LLP
191 West Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Phone: (614) 628-6880
Fax:    (614) 628-6890
joseph.merical@dinsmore.com
*Counsel for Defendant Joaquin Prange*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was served on the following on January 13, 2022, via electronic and/or U.S. mail:

David E. Williamson, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
312 Elm Street, Suite 1850
Cincinnati, Ohio 45202
dewilliamson@mdwcg.com
*Co-Counsel for Defendant, Milbank Insurance Company*

James Gallagher, Esq.
471 E. Broad Street, 19th floor
Columbus, Ohio 43215
jgallagher@ggtbl.com
*Co-Counsel for Defendant, Milbank Insurance Company*

CareSource
230 N. Main Street
Dayton, Ohio 45402
*Defendant*

Timothy S. Chappars, Esq.
CHAPPARS LAW OFFICE
PO Box 280
Xenia, Ohio 45385
chapparslaw@aol.com
*Counsel for Plaintiffs*

Joseph J. Golian, Esq.
Dickie, McCamey & Chilcote, P.C.
250 Civic Center Drive, Suite 280
Columbus, Ohio 43215
jgolian@dmclaw.com
*Counsel for Defendant, EAN Holdings, LLC*

                                                */s/ J. David Brittingham*
J. David Brittingham (0061577)
*Counsel for Defendant Joaquin Prange*