

SANDRA WILSON
CLERK OF COURTS
FAYETTE COUNTY
WASHINGTON C.H., OHIO

2021 JUL 30 PM 3: 37

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| MARY ANN CARSON<br>5674 Washington Waterloo Rd.<br>Washington Court House, OH 43160, | * | Case No. CVH20210222 |
| | * | |
| and | * | (Judge Steven P. Beathard) |
| | | |
| MICHAEL R. CARSON<br>5674 Washington Waterloo Rd.<br>Washington Court House, OH 43160, | * | |
| | * | |
| Plaintiffs | * | |
| | | |
| -vs- | * | |
| | | |
| JOAQUIN D. PRANGE<br>1012 Jackson St.<br>Nashville, TN 37206, | * | **COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |
| | * | |
| and | * | |
| | | |
| EAN HOLDINGS LLC,<br>c/o Registered Agent The Corporation Co.<br>1833 S. Morgan Rd.<br>Oklahoma City, OK 73128, | * | |
| | * | |
| | * | |
| and | * | |
| | * | |
| STATE AUTO INS. CO. OF OHIO<br>dba State Auto Insurance Companies<br>518 E. Broad St.<br>Columbus, OH 43216, | * | |
| | * | |
| and | * | |
| | * | |
| CARESOURCE<br>230 N. Main St.<br>Dayton, Ohio 45402, | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

TIMOTHY S. CHAPPARS
Attorney at Law

P.O. Box 280
Xenia, Ohio  45385

Phone:  (937)- 374-0077
Fax:      (937)- 374-0078

Exhibit A

## NATURE OF THE ACTION

1.      This is an action for damages for Plaintiff Mary Ann Carson's personal injuries and

Plaintiff Michael R. Carson's loss of consortium, plus Plaintiffs' property damage, resulting from a

motor vehicle collision which occurred on or about June 4, 2021 at approximately 11:27 a.m. as

Plaintiff Mary Ann Carson was operating Plaintiffs' 2020 Ford Expedition Max westbound on SR 435,

Jefferson Township, Fayette County, Ohio, lawfully stopped in traffic.  At the same time, date, and

location, Defendant Joaquin D. Prange, while distracted and inattentive, operated a 2020 Dodge Truck

owned, rented, and entrusted by Defendant EAN Holdings LLC, at an excessive rate of speed for

traffic conditions, failed to look and/or failed to look effectively, failed to maintain the assured clear

distance ahead, and collided with Plaintiffs' vehicle,  a clearly discernible object in the path ahead,

proximately causing Plaintiffs' injuries and damages described infra.

## PARTIES

2.      Plaintiffs Mary Ann Carson and Michael R. Carson are, and at all times relevant

hereto were, husband and wife and residents of Fayette County, Ohio.  Plaintiff Mary Ann Carson was

operating Plaintiffs' 2020 Ford Expedition Max westbound on SR 435, Jefferson Township, Fayette

County, Ohio, lawfully stopped in traffic when the subject collision occurred.

3.      Defendant Joaquin D. Prange, while distracted and inattentive, operated a 2020 Dodge

Truck, owned, rented, and entrusted by Defendant EAN Holdings LLC, at an excessive rate of speed

for traffic conditions, failed to look and/or failed to look effectively, failed to maintain the assured

clear distance ahead, and collided with Plaintiffs' vehicle, a clearly discernible object in the path

ahead.

4.      At all times relevant hereto, Defendant EAN Holdings, LLC is a foreign limited

liability company registered in the State of Oklahoma, Entity No. 3712222432, and licensed in the

State of Ohio, registered with the Ohio Secretary of State as Entity No. 1846079, with its principal

**TIMOTHY S. CHAPPARS**
**Attorney at Law**
_____

P.O. Box 280
Xenia, Ohio  45385

Phone:  (937)- 374-0077
Fax:      (937)- 374-0078

place of business located in Delaware but regularly doing business in the State of Ohio. Defendant EAN Holdings, LLC is subject to the general jurisdiction of this Court in that it is a corporation conducting substantial business within the State of Ohio by maintaining continuous and systematic contacts with the State of Ohio, *including, but not limited to*, numerous Enterprise, Alamo, and National car rental locations within the State of Ohio. Defendant EAN Holdings, LLC's business contacts with the State of Ohio are so continuous and systematic as to render it essentially at home in Ohio, and as such, this Court may exercise general jurisdiction over Defendant EAN Holdings, LLC. Defendant EAN Holdings, LLC is subject to the specific jurisdiction of this Court, in that the Subject Vehicle entered the stream of commerce within Fayette County, Ohio. Defendant EAN Holdings, LLC has purposely availed itself of the privilege of conducting business in the State of Ohio and has thereby consented to the jurisdiction of this Court. Defendant EAN Holdings, LLC's conduct and connection with the State of Ohio are such that it could reasonably anticipate being hauled into a court in the State of Ohio. Pursuant to Ohio Rev. Code § 2307.382, Defendant EAN Holdings, LLC is subject to personal jurisdiction in that it transacts business within the State of Ohio, caused tortious injury by an act or omission in the State of Ohio, engages in a persistent course of conduct and/or derives substantial revenue from goods used or consumed or services rendered in the State of Ohio, with such tortious conduct resulting in personal injuries and damages to Plaintiffs. Defendant EAN Holdings LLC is the actual titled owner of the subject 2020 Dodge Truck and, with actual or constructive knowledge of Defendant Joaquin D. Prange's incompetence, negligently, recklessly, willfully and wantonly, and/or maliciously rented and entrusted the subject vehicle to Defendant Joaquin D. Prange and/or failed to take appropriate and reasonable precautions to prevent him from operating the vehicle when Defendant EAN Holdings LLC knew or should have known that his operation of the subject vehicle presented a substantial risk of harm to the motoring public in general and to Plaintiff Mary Ann Carson in particular.

**TIMOTHY S. CHAPPARS**
Attorney at Law

———————

P.O. Box 280
Xenia, Ohio 45385

Phone: (937)- 374-0077
Fax: (937)- 374-0078

3

5.     At all times relevant hereto, Defendant State Auto Insurance Company of Ohio, dba State Auto Insurance Companies (hereinafter "State Auto") is, and at all time relevant hereto was, licensed to engage in the property and casualty insurance business in the State of Ohio with its principle place of business located at 518 E. Broad St., Columbus, OH 43216; provided UM/UIM and med-pay coverages in a contract of motor vehicle insurance, Policy No. 1000882150 effective on the date of loss (declarations page attached hereto as Plaintiffs' Exhibit "A") delivered to Plaintiffs Mary Ann Carson and Michael R. Carson in Fayette County, Ohio; and covered Plaintiffs Mary Ann Carson and Michael R. Carson as named insureds occupying a listed vehicle.  Additionally, Defendant State Auto may pay benefits under med-pay and UM/UIM coverages and may have a claim, lien, or rights of subrogation, reimbursement, and/or recovery.  Finally, Defendant State Auto has first-party duties to handle in good faith Plaintiffs' claims for contractual benefits, the breach of which is the subject of Plaintiffs' Fifth Claim for Relief.

6.     Defendant Caresource is licensed to engage in the health insurance business in the State of Ohio and may have claims, rights, and/or liens for reimbursement, recovery, or subrogation as a result of satisfaction of a portion of Plaintiff Mary Ann Carson's medical bills.

## JURISDICTION AND VENUE

7.     Defendants are subject to the jurisdiction of this Court and venue is proper in the Fayette County Court of Common Pleas pursuant to Rule 3(C)(3) of the Ohio Rules of Civil Procedure by virtue of one or more Defendants engaging in tortious conduct in Fayette County, Ohio.  In particular, this Court has jurisdiction over Defendant EAN Holdings, LLC for the reasons set forth in ¶4, supra.

## FIRST CLAIM FOR RELIEF

8.     Plaintiffs repeat the allegations previously set forth herein and incorporate the same by reference.

**TIMOTHY S. CHAPPARS**
**Attorney at Law**
_____

P.O. Box 280
Xenia, Ohio  45385

Phone:  (937)- 374-0077
Fax:     (937)- 374-0078

4

9.     On or about June 4, 2021 at approximately 11:27 a.m., Plaintiff Mary Ann Carson was operating Plaintiffs' 2020 Ford Expedition Max westbound on SR 435, Jefferson Township, Fayette County, Ohio lawfully stopped in traffic. At the same time, date, and location, Defendant Joaquin D. Prange, while distracted and inattentive, operated a 2020 Dodge Truck owned, rented, and entrusted by Defendant EAN Holdings LLC, at an excessive rate of speed for traffic conditions, failed to look and/or failed to look effectively, failed to maintain the assured clear distance ahead, and collided with Plaintiffs' vehicle, a clearly discernible object in the path ahead, proximately causing Plaintiffs' injuries and damages described infra.

10.     Defendant Joaquin D. Prange is liable for Plaintiff Mary Ann Carson's injuries and damages described infra as a result of Defendant Joaquin D. Prange's negligently, recklessly, willfully and wantonly, and/or maliciously failing to look and/or look effectively, failing to maintain the assured clear distance ahead, failing to control his vehicle, driving at an excessive rate of speed, driving while distracted and inattentive, and acting with heedless and conscious disregard to the rights of others, proximately causing Plaintiff Mary Ann Carson's injuries and damages described infra. Defendant Joaquin D. Prange is liable for punitive damages and Plaintiffs' attorney's fees pursuant to Cabe v. Lunich, 70 Ohio St.3d 598 (1994).

11.     As a proximate result of Defendant Joaquin D. Prange's actions, Plaintiff Mary Ann Carson sustained serious personal injuries, including, but not limited to, a traumatic brain injury including a concussion and bleeding in her brain, whiplash, left leg and wrist pain, and bruising, plus other personal injuries; pain and suffering; mental anguish; emotional distress; humiliation; embarrassment; inconvenience; and an inability to enjoy her normal activities. Plaintiff Mary Ann Carson's injuries are, to a reasonable degree of medical certainty, permanent.

12.     Further as a proximate result of Defendant Joaquin D. Prange's actions, Plaintiff Mary Ann Carson has incurred medical expenses in an amount that will be specified by timely amendment

TIMOTHY S. CHAPPARS
Attorney at Law

_____

P.O. Box 280
Xenia, Ohio 45385

Phone: (937)- 374-0077
Fax:     (937)- 374-0078

to this pleading.  Plaintiff Mary Ann Carson expects to incur future medical bills to a reasonable degree of medical certainty.

13.     Further as a proximate result of Defendant Joaquin D. Prange's actions, Plaintiff Mary Ann Carson, a full-time substitute teacher, has incurred wage and other economic loss in the amount that will be specified by timely amendment to this pleading.  Plaintiff Mary Ann Carson expects to a reasonable degree of certainty to incur future economic loss.

14.     Further, as a proximate result of Defendant Joaquin D. Prange's actions, Plaintiffs have incurred damages for the total loss of their 2020 Ford Expedition Max Limited in the amount of at least $68,000.00.

## SECOND CLAIM FOR RELIEF

15.     Plaintiffs repeat the allegations previously set forth herein and incorporate the same by reference.

16.     As a proximate result of Defendant Joaquin D. Prange's actions, Plaintiff Michael R. Carson was damaged by the loss of care, comfort, and companionship of his wife Plaintiff Mary Ann Carson, plus Plaintiff Michael R. Carson is entitled to the reasonable value of nursing care provided to his wife pursuant to Hutchings v. Childress, 2008-Ohio-4568 (Ohio S. Ct. 2008).

## THIRD CLAIM FOR RELIEF

17.     Plaintiffs repeat the allegations previously set forth herein and incorporate the same by reference.

18.     On information and belief, the EAN Holdings LLC, the owner of the subject 2020 Dodge Truck, and with actual or constructive knowledge of Defendant Joaquin D. Prange's incompetence, negligently, recklessly, willfully and wantonly, and/or maliciously rented and entrusted the subject vehicle to Defendant Joaquin D. Prange and/or failed to take appropriate and reasonable precautions to prevent him from operating the vehicle when EAN Holdings LLC knew or should have

**TIMOTHY S. CHAPPARS**
**Attorney at Law**

_____

P.O. Box 280
Xenia, Ohio  45385

Phone:  (937)- 374-0077
Fax:      (937)- 374-0078

known that his operation of the subject vehicle presented a substantial risk of harm to the motoring

public in general and to Plaintiff Mary Ann Carson in particular.  Further, Defendant EAN Holdings

LLC's policies and procedures were inadequate to assess and address the competence of Defendant

Joaquin D. Prange to operate its motor vehicle which caused harm to Plaintiffs.  Accordingly,

Defendant EAN Holdings LLC is liable for Plaintiffs' injuries and damages for entrustment of the

subject 2020 Dodge Truck automobile to Defendant Joaquin D. Prange, both for its initial entrustment

as well as failing to take necessary and appropriate steps to rescind entrustment, proximately causing

Plaintiffs' damages.

## FOURTH CLAIM FOR RELIEF

19.     Plaintiffs repeat the allegations previously set forth herein and incorporate the same

by reference.

20.     Defendants Joaquin D. Prange and EAN Holdings LLC did not have sufficient

automobile or motor vehicle liability insurance to compensate fully Plaintiffs' damages previously set

forth herein.

21.     Plaintiffs are named insureds in Plaintiffs' policy of motor vehicle insurance issued

by Defendant State Auto providing $1,000,000.00 UM/UIM coverage, $5,000.00 med-pay coverage,

and property damage coverage in Policy No. 1000882150, effective on the date of the subject accident.

See Declarations Page attached to this Complaint as Plaintiffs' Exhibit "A."  Plaintiffs have fulfilled

all conditions required under the terms of the policy, including, but not limited to, cooperating with

Defendant State Auto, timely paying premiums, and providing timely notice of loss.

22.     Plaintiffs Mary Ann Carson and Michael R. Carson are entitled to UM/UIM coverage

on their claims to the extent of per person limits of said policy with Defendant State Auto; have timely

demanded same; but Defendant State Auto has not paid benefits since it is not yet able to evaluate its

exposure for UM/UIM benefits available under the terms of its policy while resolution of the tort

TIMOTHY S. CHAPPARS
Attorney at Law

———————

P.O. Box 280
Xenia, Ohio  45385

Phone: (937)- 374-0077
Fax:     (937)- 374-0078

7

claims against Defendants Joaquin D. Prange and EAN Holdings LLC is pending. In the event Defendants Joaquin D. Prange's and EAN Holdings LLC's liability limits prove to be non-existent or insufficient, Defendant State Auto is obligated to pay UM/UIM benefits to which Plaintiffs are lawfully entitled under the terms of the policy. Defendant State Auto is also similarly obligated to pay full and complete benefits under medical payments coverage contained in its policy with Plaintiffs, including the contractual obligation to pay the full amount of medical bills for insureds occupying a listed vehicle without a deduction for any payments made or adjusted by health insurance. Finally, Defendant State Auto is also similarly obligated to pay full and complete benefits under property damage coverage contained in its policy with Plaintiffs, including the contractual obligation to pay the actual cash value of a listed vehicle of at least $68,000.00, less the deductible. Despite contractual obligations, Defendant State Auto has committed a material breach of contract by, inter alia, failing to pay the actual cash value of Plaintiffs' vehicle of at least $68,000.00, less the deductible, instead offering to pay only approximately 73% of the actual cash value of Plaintiffs' vehicle.

23. As detailed infra, the course of conduct of Defendant State Auto through, inter alia, its unresponsiveness, pattern of delay, and resistance to paying damages for Plaintiffs' property damage claim constitutes a negligent, reckless, willful and wanton, and malicious material breach of contract entitling Plaintiffs to damages, including extra-contractual damages pursuant to LeForge v. Nationwide Mutual Fire Ins. Co, 82 Ohio App.3d 692 (Clinton County C.A. 1992).

**FIFTH CLAIM FOR RELIEF**

24. Plaintiffs repeat the allegations previously set forth herein and incorporate the same by reference.

25. Although Plaintiffs are not necessarily required to apply the heightened pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), but in a good faith effort to comply with Rule 9(B) of the Ohio Rules of Civil Procedure and

TIMOTHY S. CHAPPARS
Attorney at Law
_____

P.O. Box 280
Xenia, Ohio 45385

Phone: (937)- 374-0077
Fax: (937)- 374-0078

without the benefit of full discovery, Plaintiffs state that Defendant State Auto issued a policy of insurance to Plaintiffs, Policy No. 1000882150, with property damage coverage effective on the date of loss.

26.     After the subject collision of June 4, 2020 which totaled Plaintiffs' vehicle, Plaintiffs provided notice to Defendant State Auto and asserted claims for property damage; however, their claim was met with an offer of settlement far below the actual cash value of their 2020 Ford Expedition Max.  Thereafter, Plaintiffs made repeated efforts to advance their property damage claim but were met with continued intransigence such that Plaintiffs had no choice other than to engage counsel, thereby incurring attorney's fees and expenses.  Plaintiffs through counsel made continued efforts, including requesting a re-evaluation of Plaintiffs' property damage claim, but still without State Auto making a reasonable offer to settle the property claim, and to date, despite multiple efforts, the property damage claim has not been resolved.  Defendant State Auto has attempted to justify its insufficient valuation of Plaintiffs' vehicle by indicating that the undefined term "actual cash value" is not the retail value of the vehicle; instead, contrary to Ohio case law which mandates that ambiguities in a policy should be construed against the insurer (see, e.g., King v. Nationwide Ins. Co., 35 Ohio St.3d 208 (1988), which held in the syllabus: "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured"), Defendant State Auto has construed the term "actual cash value" against Plaintiffs in an unjustified effort to undervalue Plaintiffs' vehicle, offering only approximately 73% of the ACV of the vehicle.

27.     The refusal of State Auto to pay the actual cash value of Plaintiffs' vehicle has worked a hardship on Plaintiffs by forcing Plaintiffs to bring legal action to obtain full contractual benefits, thereby necessitating attorney's fees and expenses and depriving Plaintiffs of the use of their motor vehicle, impairing their ability to conduct their farming occupation as well as other purposes.

TIMOTHY S. CHAPPARS
Attorney at Law

———————

P.O. Box 280
Xenia, Ohio  45385

Phone:  (937)- 374-0077
Fax:      (937)- 374-0078

28.    Defendant State Auto at all times material hereto had, and continues to have, a duty to handle in good faith Plaintiffs' claim under property damage coverage contained in Plaintiffs' policy for which Plaintiffs are named insureds pursuant to <u>Kehoe v. Lightning Rod Mutual Insurance Company</u>, 115 Ohio App.3d 234 (8th Dist. C.A. 1996) (holding over twenty years ago that Lightning Rod Mutual Insurance Company's unjustified delay in paying an undisputed portion of a claim is evidence of bad faith) and <u>Toman v. State Farm Mutual Automobile Insurance Company</u>, 2015-Ohio-3351 (8th Dist. C.A. 2015), which more recently summarizes Ohio law regarding the duties of an insurer on a first party claim as follows:

> An insurer has a duty to act in good faith in the handling and payment of an insured's claim. <u>Hoskins v. Aetna Life Ins. Co.</u>, 6 Ohio St.3d 272, 452 N.E.2d 1315 (1983), paragraph one of the syllabus. An insurer must "assess claims after an appropriate and careful investigation" and reach its conclusions as a result of the "weighing of probabilities in a fair and honest way." <u>Motorists Mut. Ins. Co. v. Said</u>, 63 Ohio St.3d 690, 699, 590 N.E.2d 1228 (1992). A breach of this duty gives rise to a cause of action by the insured for bad faith. {¶29} An insurer acts in bad faith when it refuses to pay a claim without "reasonable justification." <u>Zoppo v. Homestead Ins. Co.</u>, 71 Ohio St.3d 552, 644 N.E.2d 397 (1995), paragraph one of the syllabus ("An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor."). However, bad faith claims are not limited to "scenarios involving an outright denial of payment for a claim." <u>Drouard v. United Servs. Auto. Assn.</u>, 6th Dist. Lucas No. L-06-1275, 2007-Ohio-1049, ¶ 16. A bad faith claim can also arise from an insurer's "foot-dragging" in the handling or evaluation of a claim (even if a claim is ultimately paid), id., an unreasonably low settlement offer, <u>Mundy v. Roy</u>, 2d Dist. Clark No. 2005-CA-28, 2006-Ohio-993, ¶ 21, or if the record otherwise shows that there were "'no circumstances in the case that created a reasonable justification for the insurer's actions.'" <u>TOL Aviation, Inc. v. Intercargo Ins. Co.</u>, 6th Dist. Lucas Nos. L-05-1308 and L-06-1050, 2006-Ohio-6061, ¶ 64, quoting <u>Bennett v. Butler</u>, 6th Dist. Lucas No. L-99-1151, 2000 Ohio App. LEXIS 2891, *19 (June 30, 2000). "'An insurer lacks reasonable justification when it acts in an arbitrary or capricious manner'" with respect to insured's claim. <u>Gerken v. State Auto Ins. Co.</u>, 4th Dist. Washington No. 13CA14, 2014-Ohio-4428, ¶ 48, quoting <u>Captain v. United Ohio Ins. Co.</u>, 4th Dist. Highland No. 09CA14, 2010-Ohio-2691, ¶ 30; <u>Hoskins</u>, 6 Ohio St.3d at 277, 452 N.E.2d 1315.

TIMOTHY S. CHAPPARS
Attorney at Law

———

P.O. Box 280
Xenia, Ohio  45385

Phone:  (937)- 374-0077
Fax:      (937)- 374-0078

10

29.     The actions of Defendant State Auto as previously set forth herein, including, but not limited to, substantially undervaluing the vehicle, ignoring the express terms of its policy obligating State Auto to pay "actual cash value," attempting to graft new policy language to replace the definition of "actual cash value" with wholesale value, construing any ambiguities in the policy against Plaintiffs, relying solely on a captive valuation service to justify undervaluing the vehicle, arbitrarily attempting to use dissimilar comparable vehicles, primarily vehicles sold by rental car companies not in the same geographic location as Plaintiffs' vehicle, to justify undervaluing Plaintiffs' property damage claim, and other actions to be shown at trial, constitute a breach of Defendant State Auto's duty to handle its insured's claim in good faith, entitling Plaintiffs to compensatory damages, punitive damages, and attorney's fees and expenses. The conduct of State Auto set forth herein is part of a pattern of actions causing harm to Plaintiffs as well as other State Auto insureds.

30.     The course of conduct of Defendant State Auto through, <u>inter alia</u>, its unresponsiveness, pattern of delay, and resistance to paying damages for Plaintiffs' property damage claim constitutes a negligent, reckless, willful and wanton, and malicious breach of an insurer's duty to handle its insured's claim in good faith entitling Plaintiffs to damages, including extra-contractual damages, punitive damages, and attorney's fees, pursuant to <u>LeForge v. Nationwide Mutual Fire Ins. Co</u>, 82 Ohio App.3d 692 (Clinton County C.A. 1992).

## SIXTH CLAIM FOR RELIEF

31.     Plaintiffs repeat the allegations previously set forth herein and incorporate the same by reference.

32.     Defendant State Auto may have paid or will pay medical expenses on behalf of Plaintiff Mary Ann Carson and may have claims, liens, or rights of reimbursement, recovery, or subrogation.

**TIMOTHY S. CHAPPARS**
**Attorney at Law**

_____

P.O. Box 280
Xenia, Ohio 45385

Phone:   (937)- 374-0077
Fax:        (937)- 374-0078

11

33.     Defendant Caresource may have paid or will pay medical expenses on behalf of Plaintiff Mary Ann Carson and may have claims, liens, or rights of reimbursement, recovery, or subrogation.

**WHEREFORE,** Plaintiffs demand judgment against Defendants Joaquin D. Prange, EAN Holdings, LLC, and State Auto, jointly and severally, in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) compensatory damages, the exact amount of which will be specified upon timely amendment to this pleading, punitive damages against said Defendants, attorney's fees, interest as provided by law, court costs expended herein, and such other relief as is just and proper under the circumstances; as for Defendants State Auto and Caresource, Plaintiffs demand that said Defendants set forth and/or prove any claims, liens, or rights of reimbursement, recovery, or subrogation or be forever barred.

_____
TIMOTHY S. CHAPPARS #0007122
CHAPPARS LAW OFFICE
Attorney for Plaintiffs
P.O. Box 280
Xenia, Ohio 45385
Telephone: (937)-374-0077
Fax: (937)-374-0078
E-mail: chapparslaw@aol.com

## JURY DEMAND

Plaintiffs demand a trial by jury.

_____
TIMOTHY S. CHAPPARS, #0007122
Attorney for Plaintiffs

**TIMOTHY S. CHAPPARS**
Attorney at Law

———————

P.O. Box 280
Xenia, Ohio 45385

Phone: (937)- 374-0077
Fax:    (937)- 374-0078

12